UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Joseph L. Griggs, | ) | Civil Action No.: 4:15-cv-04600-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dollar General Corporation d/b/a | ) | |
| Dolgencorp, LLC; Dolgencorp, LLC | ) | |
| d/b/a Dollar General Store No. 14128; | ) | |
| and Rachael Fann, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Joseph L. Griggs's motion to remand. *See* ECF No. 8. For the reasons explained below, the Court grants Plaintiff's motion.[1]

**Background**

Plaintiff, a South Carolina citizen, has brought this action against Defendants Dollar General Corporation d/b/a Dolgencorp, LLC; Dolgencorp, LLC d/b/a Dollar General Store No. 14128; and Rachael Fann (collectively, "Defendants"). *See* Complaint, ECF No. 1-1. Of these three defendants, Fann is the only one who is a citizen of South Carolina.[2] *See* Complaint at ¶¶ 2-5.

---

[1]    Pursuant to Local Rule of Civil Procedure 7.08, the district court may decide motions without a hearing. The Court has reviewed the parties' filings and determined a hearing in this matter is unnecessary.

[2]    Dollar General Corporation is a corporation organized under the laws of the State of Tennessee with its principal place of business located in Goodlettsville, Tennessee. *See* Notice of Removal, ECF No. 1 at 2-3; Defendants' Answers to Local Rule 26.01 Interrogatories, ECF No. 3 at 1-2; *see generally Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 831 F.2d 522, 530 (4th Cir. 1987) ("For purposes of diversity jurisdiction, a corporation is considered a citizen of the chartering State, as well as the State of its principal place of business." (citing 28 U.S.C. § 1332(c)). Dolgencorp, LLC is a single-member limited liability company organized under the laws of the State of Kentucky with its principal place of business in Goodlettsville, Tennessee, and operates stores within the State of South Carolina under the Dollar General brand name. The sole member of Dolgencorp, LLC is Dollar General Corporation. *See* Notice of Removal, ECF No. 1 at 2-3; Defendants' Answers to Local Rule 26.01 Interrogatories, ECF No. 3 at 1-2; *see generally Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise. It is an unincorporated association, akin to a partnership for diversity

Plaintiff initiated this personal injury action by filing a complaint in the Court of Common Pleas for Darlington County, South Carolina, on October 27, 2015, alleging he slipped and fell on a wet floor inside a Dollar General store and severely injured his back. *See* ECF No. 1-1. Plaintiff asserted negligence claims against Defendants, including Fann—who allegedly was the acting manager in control of the store premises at the time of Plaintiff's fall. Complaint at ¶¶ 5, 7. On November 13, 2015, Defendants removed the action to this Court based on diversity of citizenship, asserting Plaintiff had fraudulently joined Fann, a South Carolina citizen, to defeat federal diversity jurisdiction. *See* Notice of Removal, ECF No. 1. On November 16, 2015, Plaintiff filed the instant motion to remand, in which he maintains Fann is a properly joined party because valid negligence claims exist against her. *See* Motion to Remand, ECF Nos. 8 & 8-1. Defendants filed a timely response in opposition,[3] and

---

purposes, whose citizenship is that of its members." (internal citations omitted)); *Horne v. Lightning Energy Servs.*, LLC, __ F. Supp. 3d __, __, 2015 WL 4774369, at *4 (N.D.W. Va. Aug. 12, 2015) (explaining "the citizenship of an LLC is determined by the citizenship of *all* of its members").

[3]    The Court is troubled by a statement that Defendants make in their response in opposition. They state:

> On November 13, 2015, the Court issued a Sua Sponte Text Order To Show Cause seeking clarification on the issue of whether the amount in controversy in this case meets and/or exceeds the jurisdictional amount provided by 28 U.S.C. § 1331. (*See* ECF Docket No. 4). Defendants filed a Response to this Order arguing that, at the time of removal, Plaintiff's alleged actual damages significantly exceed the $75,000.00 threshold for removal as prescribed by 28 U.S.C. § 1332. (*See* ECF Docke[t] No. 10). **Following this Response, the Court issued a Text Order indicating the Court was "satisfied that the amount in controversy exceeds the jurisdictional amount and [the Court] has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332." (ECF Docket No. 11).** <u>However, this Order affirming the amount in controversy and the existence of diversity jurisdiction has since been withdrawn.</u> (*See* ECF Docket No. 12).

ECF No. 19 at 2 (second alteration in original) (boldface and underline emphasis added). The boldface sentences are a disingenuous effort to misrepresent the procedural history of this case. By making these statements, particularly the underlined sentence, Defendants imply the Court has already found in their favor by issuing a previous order concluding removal jurisdiction is proper. What Defendants neglect to mention is that the text order was withdrawn *due to a clerical error* by the Clerk of Court's office. The electronic docket in this case clearly indicates the Court never ruled on the merits of removal jurisdiction. Instead, as explicitly indicated in electronic docket entry number twelve, the Clerk accidentally entered a text order (previously contained in docket entry number eleven—which has since been deleted) that was actually intended to be entered in another case. *See* ECF No. 12 ("DELETION OF

Plaintiff filed a timely reply.  *See* ECF Nos. 19 & 20.

## Standard of Review and Applicable Law

The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction.  *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  Thus, Defendants bear the burden to establish federal jurisdiction is proper in this case.  "Because removal jurisdiction raises significant federalism concerns," the Court "must strictly construe removal jurisdiction.  If federal jurisdiction is doubtful, a remand is necessary." *Id.* (internal citation omitted).

Title 28 U.S.C. § 1332(a)(1) grants district courts original jurisdiction of any civil action for which the matter in controversy exceeds $75,000 and is between or among citizens of different states.  This statute requires *complete* diversity of citizenship, meaning the plaintiff cannot be a citizen of the same state as any defendant.  *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990).  Thus, diversity jurisdiction exists "so long as any two adverse parties are not co-citizens." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n.3 (1996).  State court defendants may remove a civil action to federal district court if the district court has original subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  If the district court determines at any time before entering final judgment that it lacks subject matter jurisdiction over a removed action, it must remand the action to state court.  28 U.S.C. § 1447(c).  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. § 1446(a)]." *Id.*

Although complete diversity is necessary for a federal court to exercise diversity jurisdiction, the fraudulent joinder doctrine prohibits a plaintiff from automatically defeating diversity jurisdiction

---

DOCKET ENTRY NUMBER 11 Reason: Order entered in wrong case").  The Court cautions Defendants' counsel not to make such patent misrepresentations in the future, and it directs him to review Local Rule 83.I.08 and the South Carolina Rules of Professional Conduct discussing candor towards a tribunal.

by naming non-diverse defendants. *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015).

The fraudulent joinder doctrine enables a district court to "'disregard, for jurisdictional purposes, the

citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse

defendants, and thereby retain jurisdiction.'" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir.

2015) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).

> 'Fraudulent joinder' is a term of art, it does not reflect on the integrity
> of [the] plaintiff or counsel, but is merely the rubric applied when a
> court finds either that no cause of action is stated against the
> nondiverse defendant, or *in fact* no cause of action exists. In other
> words, a joinder is fraudulent if there [is] no real intention to get a
> joint judgment, and . . . there [is] no colorable ground for so claiming.

*AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990)

(alterations and omission in original) (internal quotation marks omitted).

"The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff

cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*

*v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). "This standard is even more favorable to the

plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* The

Fourth Circuit has recognized two methods by which a defendant may show fraudulent joinder: (1) there

is "outright fraud in the plaintiff's pleading of jurisdictional facts"; or (2) "there is *no possibility* that

the plaintiff would be able to establish a cause of action against the in-state defendant in state court."

*Johnson*, 781 F.3d at 704. "To defeat an allegation of fraudulent joinder, the plaintiff need establish

'only a slight possibility of a right to relief.'" *Hughes v. Wells Fargo Bank, N.A.*, 617 F. App'x 261,

264 (4th Cir. 2015) (quoting *Mayes*, 198 F.3d at 464). In evaluating whether an attempted joinder is

fraudulent, a court is not bound by the allegations of the complaint but can "consider the entire record,

4

and determine the basis of joinder by any means available." *Mayes*, 198 F.3d at 464.

### Discussion

In the instant case, Defendants do not allege that there was any "outright fraud" in Plaintiff's pleading of jurisdictional facts. *See Johnson*, 781 F.3d at 704. They instead argue there is "no possibility" that Plaintiff could maintain a claim against Fann—the in-state defendant—in state court. *See id.* Defendants' position heavily favors Plaintiff, who must show only a "glimmer of hope" of prevailing against Fann. *See Mayes*, 198 F.3d at 466.

Plaintiff has sued Defendants for negligence under a theory of premises liability. In his complaint, Plaintiff alleges that on March 3, 2014, he entered a Dollar General store in Darlington, South Carolina, seeking to exchange an iPod car charger. Complaint at ¶¶ 4, 9. It had been raining that day, and customers had tracked water across the floor in the store. *Id.* at ¶¶ 13-15. To enter the store, Plaintiff walked through a set of automatic doors at the front entrance. *Id.* at ¶¶ 10, 17. Mats located inside and outside the doors were soaked with rainwater. *Id.* at ¶¶ 10-12. Fann, who was the acting manager of the Dollar General, "had Plaintiff leave the store and return to his truck in the rain to retrieve his driver's license to consummate the exchange of the car charger."[4] *Id.* at ¶¶ 7, 15. When Plaintiff reentered the store, he walked across the water-soaked mats and onto the wet slippery floor. *Id.* at ¶ 17. As he stepped onto the floor, Plaintiff slipped and fell, suffering serious injuries to his back. *Id.* at ¶¶ 18, 20, 22. Plaintiff alleges Fann knew of the dangerous wet conditions before his fall but (1) did not remove, replace, or dry the mats; (2) did not verbally warn Plaintiff that the floor was slippery; and (3) failed to display a "wet floor" warning sign. *Id.* at ¶ 19. He further claims that minutes

---

[4]        Plaintiff alleges, "Fann knew or should have known that Plaintiff's license was not necessary to affect the exchange, and informed Plaintiff of such later."  Complaint at ¶ 16.

after his fall, Fann placed a large yellow "wet floor" warning sign in the exact location where he slipped. *Id.* at ¶ 20. Plaintiff alleges he would not have fallen had Fann put up the sign earlier. *Id.* at ¶ 21.

Plaintiff asserts Defendants—including Fann—owed him and the public at large a duty to exercise reasonable care in maintaining the premises of the Dollar General store, including the front entrance where people regularly traversed, in a safe and usable condition. *Id.* at ¶ 23. He claims Defendants breached this duty in numerous ways, such as by (1) failing to remove or replace the mats; (2) failing to inspect and maintain the wet slippery floor; (3) "failing to timely warn invitees, including the Plaintiff, of the dangerous condition posed by the wet floor at the public entrance to [the] store"; and (4) "failing to timely and properly place or install adequate devices, signs or 'wet floor' caution cones to warn of entrance hazards." *Id.* at ¶ 24.

In support of his motion to remand, Plaintiff contends Fann—a South Carolina citizen named as a defendant—is properly joined because, given the allegations in the complaint and resolving them in his favor, a legitimate cause of action for negligence exists against her. *See* ECF No. 8-1 at 4-14. Plaintiff therefore seeks remand to state court because Fann's presence destroys complete diversity, which is the only basis for federal subject matter jurisdiction in this case.[5] *Id.*

Defendants contend Fann is a sham defendant named solely for the purpose of defeating diversity jurisdiction. ECF Nos. 1 & 19. They argue there is no possibility that Plaintiff can establish a cause of action against Fann, asserting Plaintiff's complaint contains no specific allegations against Fann outside her scope of employment of the Dollar General store where the incident occurred. ECF No. 1 at 3; ECF No. 19 at 4. Specifically, Defendants argue, "Plaintiff has not alleged any *independent*

---

[5] The parties do not contend the amount in controversy is less than $75,000.

action on the part of Defendant Fann other [than] to say that she asked Plaintiff to retrieve his license to effectuate an exchange of merchandise and failed to dry up a rain soaked floor." ECF No. 1 at 9; ECF No. 19 at 5.

Having considered the entire record in this case, particularly the allegations in Plaintiff's complaint, the Court cannot conclude he has no possibility of establishing a cause of action against Fann in state court. The Court instead finds Plaintiff has alleged facts establishing a negligence claim against Fann that withstands challenge on the basis of fraudulent joinder.

South Carolina tort law controls whether Fann is a properly joined defendant, given that the alleged slip and fall occurred in South Carolina. As a threshold matter, the Court notes Rule 20(a) of the South Carolina Rules of Civil Procedure, which governs permissive joinder of parties in the state court, provides:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Rule 20(a), SCRCP. Moreover, even before the existence of Rule 20(a),[6] the South Carolina Supreme Court recognized a store manager can be held personally and jointly liable with the store itself for an alleged act of negligence. *See Richards v. Great Atlantic & Pacific Tea Co.*, 226 S.C. 119, 83 S.E.2d 917 (1954).[7] *Richards*, as well as Rule 20(a), support Plaintiff's contention that Fann is a properly

---

[6]     The South Carolina Rules of Civil Procedure took effect on July 1, 1985. *See* Rule 86(a), SCRCP.

[7]     In *Richards*, the plaintiff fell over boxes while shopping in a store, so she sued the store and its manager. 226 S.C. at 121, 83 S.E.2d at 918. She testified that, while waiting for a coffee salesperson to serve her, a third party delivered the boxes without her knowledge; that the salesperson told her to move backward; and that she fell while stepping backward. *Id.* The jury returned a verdict against the store and the manager for actual and punitive damages, and the two defendants appealed. *Id.* at 123, 83 S.E.2d at 919. The South Carolina Supreme Court cited

joined defendant under South Carolina law in a South Carolina state court.

Moreover, Plaintiff alleges Defendants—Fann, Dollar General Corporation, and Dolgencorp, LLC—breached their duty of care to him. Complaint at ¶¶ 23-24. When a single injury occurs as the proximate result of separate and independent acts of the negligence of two or more parties, these tortfeasors are subject to joint and several liability. *Collins v. Bisson Moving & Storage, Inc.*, 332 S.C. 290, 306, 504 S.E.2d 347, 356 (Ct. App. 1998) (citing *Rourk v. Selvey*, 252 S.C. 25, 27-28, 164 S.E.2d 909, 910 (1968)). Plaintiff therefore has the right to name whom he sues; and in this case, he has properly named Fann as one of the parties that is, potentially, jointly responsible for his injuries.[8]

To establish a negligence claim against Fann, Plaintiff must show Fann owed him a legal duty, breached that duty, and proximately caused damages to him as a result of that breach. *See Lord v. D & J Enterprises, Inc.*, 407 S.C. 544, 558, 757 S.E.2d 695, 702 (2014). Whether the law recognizes a particular duty is a matter of law to be decided by the Court. *Doe ex rel. Doe v. Wal-Mart Stores, Inc.*, 393 S.C. 240, 246, 711 S.E.2d 908, 911 (2011). Although the common law ordinarily imposes no duty

---

the rule of joint and several liability of joint tortfeasors, and it granted a new trial based upon a portion of the jury charge instructing the jury that they could not find against the third party alone. *Id.* at 122-27, 83 S.E.2d at 918-21. Most significantly, the court reviewed the evidence and determined there was sufficient evidence of negligence against the defendants—both the store and manager—to re-submit the case to a jury. *Id.* at 127-29, 83 S.E.2d at 921-22. The court ruled that had the salesperson, the manager, or some other store employee promptly moved the boxes, the accident could have been prevented. *Id.* ("[The defendants] have argued that the only wrongful act, of which there was any evidence, was the placing of the boxes behind [the plaintiff] as she stood unaware in the aisle; but this overlooks the authority and direction therefor, and the failure of [the defendants] and their employees to promptly move the boxes or warn [the plaintiff] of the danger created by the presence and location of them. . . . *The jury was authorized in finding [the store and its manager] negligen[t] in this lax manner of receiving the boxes of goods, permitting them to be placed in the aisle and delaying removal of them out of the way of customers, all without warning [the plaintiff] who did see them before her fall.*" (emphasis added)).

[8]      *See generally Richards*, 226 S.C. at 126-27, 83 S.E.2d at 920-21 ("When a plaintiff joins two or more alleged wrongdoers as parties defendant in one action, such joinder in itself necessarily implies that he has elected to treat his injury as a joint tort, and to recover upon the theory of joint liability. Such election to sue upon the theory of joint liability logically involves the relinquishment of the right in that action to raise a 'separable controversy' with any one defendant and to recover against one or more separately upon the theory of several liability in any sense other than that the plaintiff in such joint action is not bound to recover against all, but may recover[] against one or more and not against others." (emphasis removed)).

to act, an affirmative legal duty may arise from statute, contract, relationship, property interest, or other special circumstance. *Cowburn v. Leventis*, 366 S.C. 20, 46, 619 S.E.2d 437, 451 (Ct. App. 2005).

In South Carolina, a merchant owes customers a duty of ordinary care to maintain parts of the store ordinarily used by customers in a reasonably safe condition, and the merchant is liable for any injury resulting from a breach of this duty. *Richardson v. Piggly Wiggly Cent., Inc.*, 404 S.C. 231, 234, 743 S.E.2d 858, 859-60 (Ct. App. 2013); *see also Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 655 (D.S.C. 2006) ("This duty includes a duty to reasonably inspect the premises and to remove debris that could cause the customer to fall."). "[T]o establish liability in a 'slip and fall' case, a plaintiff must show that the defendant either (1) created the defective condition or (2) had knowledge of the dangerous condition and failed to remedy it." *Legette v. Piggly Wiggly, Inc.*, 368 S.C. 576, 579, 629 S.E.2d 375, 376-77 (Ct. App. 2006).

A person who operates a commercial establishment but is neither an owner nor a lessee may nonetheless have a duty to exercise reasonable care to remedy an allegedly dangerous condition. *Benjamin*, 413 F. Supp. 2d at 655 (D.S.C. 2006) (citing *Dunbar v. Charleston & W. C. Ry. Co.*, 211 S.C. 209, 216, 44 S.E.2d 314, 317 (1947)). Liability in such a situation depends upon *control* of the premises, not ownership. *Miller v. City of Camden*, 329 S.C. 310, 314, 494 S.E.2d 813, 815 (1997). When evaluating whether a person has sufficient control—and thus a duty to inspect the premises for dangerous conditions—a court should consider the person's power or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the management of the property. *Benjamin*, 413 F. Supp. 2d at 655-56 (citing C.J.S. *Negligence* § 388).

Relying heavily on *Benjamin*, Defendant asserts Plaintiff does not allege that Fann either owned the property on which the Dollar General store was located or that she had an independent ability to

control the premises.  ECF No. 1 at 9.  Defendant claims Plaintiff has joined Fann simply because of her employment at Dollar General.  *Id.* at 10.  The Court disagrees.

To support his negligence claims against Fann, Plaintiff alleges she was the "acting manager . . . in control of the store premises," and therefore had a duty to store customers to protect them from dangerous conditions of which she has notice or can reasonably anticipate, making her . . . liable for her actions and omissions."  Complaint at ¶ 7.  Plaintiff additionally alleges that he retrieved his license to complete his merchandise exchange *only after* Fann directed him to do so; that Fann knew of the dangerous conditions—including the wet floor and the rain-soaked mats—present in the store before Plaintiff's fall; that Fann did not timely remedy those conditions; and that Fann placed a large yellow "wet floor" warning sign near the store entrance after Plaintiff fell.  *Id.* at ¶¶ 15, 19-21.  These allegations indicate Fann, by virtue of her position as acting manager, had a sufficient degree of control over the Dollar General store such that she had a duty to exercise reasonable care to remedy the allegedly dangerous wet conditions at the front entrance that resulted in Plaintiff's fall.

Besides the allegations indicating Fann owed a duty to Dollar General customers such as Plaintiff, the complaint also contains allegations (those summarized several paragraphs earlier) that Fann breached her duty and proximately caused Plaintiff's fall as a result of the breach.  Specifically, Plaintiff's allegations suggest he would not have fallen but for Fann's failure to warn him of the slippery floor when she directed him to retrieve his license from his truck.  *See id.* at ¶¶ 15-21, 23-24.  Accordingly, the Court finds there is a possibility that Plaintiff can establish a negligence claim against Fann in state court.[9]

---

[9]    The Court notes its conclusion is consistent with other decisions in this district rejecting comparable accusations of fraudulent joinder and finding store managers can be held jointly liable, under South Carolina premises liability law, with the store itself for negligence. *See, e.g.*, *Cook v. Lowe's Home Centers, Inc.*, No. 5:06-2130 RBH,

10

Having "resolv[ed] all issues of law and fact in [P]laintiff's favor," the Court finds Defendants cannot meet the heavy burden of showing Plaintiff has no possibility of maintaining a negligence claim against Fann. *See Hartley*, 187 F.3d at 424. In so finding, the Court is mindful that the fraudulent joinder standard is more favorable to Plaintiff than the Rule 12(b)(6) standard. The Court is also mindful that any doubt as to jurisdiction should be resolved in favor of remand, which is necessary in this case. Regarding Plaintiff's motion for remand, the Court notes the only basis for removal was diversity jurisdiction. The proper naming of Fann as a defendant has destroyed complete diversity of citizenship. Because the Court lacks jurisdiction over Plaintiff's claims, the Court must grant his motion and remand this case to state court.

### Conclusion

The Court has considered the entire record, including Plaintiff's complaint, Defendants' notice of removal, Plaintiff's motion to remand, Defendants' response in opposition, and Plaintiff's reply. For the reasons set forth above, the Court **GRANTS** Plaintiff's [ECF No. 8] motion to remand and **REMANDS** this case to the Court of Common Pleas for Darlington County, South Carolina, for further proceedings. The Court **DIRECTS** the Clerk of this Court to mail a certified copy of this order of remand to the Clerk of Court for the Darlington County Court of Common Pleas.

**IT IS SO ORDERED.**

---

2006 WL 3098773, at *4 (D.S.C. Oct. 30, 2006) ("This Court finds *Benjamin* distinguishable in that the case at bar involves the store manager, not the manager of one department and another employee who did not occupy a managerial position. Although the Supreme Court in *Richards* did not specifically discuss the reason why the store manager could be held jointly liable with the store itself for the negligence, the court recognized the common law rule of joint and several liability. Therefore, this Court finds, under *Richards*, the South Carolina common law of joint and several liability, and the fact that a store manager by virtue of his position has a high level of control over the store, that the store manager in the case at bar is not a sham defendant."); *Mobley v. Wal-Mart Stores, Inc.*, No. CIV. 209CV3019DCN, 2010 WL 503101, at *5 (D.S.C. Feb. 8, 2010) (distinguishing *Benjamin*, noting "[t]he case now before the court is factually similar to *Cook*," and finding a Wal-Mart manager had a duty "to search for and discover, or warn customers against, defects in the Wal-Mart store parking lot").

11

Florence, South Carolina                    s/ R. Bryan Harwell
January 6, 2016                              R. Bryan Harwell
                                            United States District Judge